<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

YOLANDA CACERE *on behalf of*
DIANA CACERE,

    Plaintiff,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

    Defendant.

Civ. No. 04-1793 (WGB)

<u>O P I N I O N</u>

---

APPEARANCES:

Abraham S. Alter, Esq.
LANGTON & ALTER.
P.O. Box 1798
2096 St. Georges Avenue
Rahway, New Jersey 07065

    Attorney for Plaintiff

CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
By: Sheena V. Barr, Special Assistant U.S. Attorney
c/o Social Security Administration Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278-004

    Attorney for Defendant

**BASSLER, DISTRICT JUDGE:**

    Plaintiff Yolanda Cacere ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) on behalf of her minor child, Diana Cacere ("claimant"). Plaintiff seeks review of the final decision of the Social Security Administration's Appeals Council ("council") denying her application for Supplemental Security

Income Benefits ("SSI"), claiming that the determinations of the council and the Administrative Law Judge ("ALJ") were unsupported by substantial evidence in the record.  For the reasons set forth in this opinion, the council's decision is affirmed.

I.     BACKGROUND

Plaintiff filed an application for Child's SSI benefits on January 14, 2002 alleging disability as of October 1, 1999 (Tr. at 42-52).  Specifically, plaintiff alleged that claimant suffers from a learning disability and other disabling conditions which manifest in additional symptoms including lack of sleep, lack of appetite, and spitting (Tr. at 43).  Three separate medical experts tested and examined claimant and provided medical reports outlining claimant's condition and test results (Tr. at 84-96). Based on these reports the application was denied on September 23, 2002 (Tr. at 21-23).  On reconsideration, the Social Security Administration was provided additional reports from claimant's teachers describing her demeanor at school and in class (Tr. at 97-108).  Plaintiff's application was again denied on reconsideration on February 6, 2003 (Tr. at 25-27).  Plaintiff requested a hearing before an ("ALJ") to review the application *de novo* (Tr. at 29).  After presiding over a hearing on November 13, 2003, ALJ Dennis O' Leary issued a decision almost two weeks later, on November 26, 2003, denying plaintiff's application (Tr. at 12-16).

The Administrative Law Judge's ("ALJ") relevant formal

findings are that

> 1. The claimant, a minor child, has never engaged in any substantial gainful activity.
>
> 2. The claimant has a learning disorder, which is a severe impairment. No severe impairments are established referable to an obsessive-compulsive disorder or an affective disorder.
>
> 3. The subjective allegations regarding the claimant's impairment are not supported by the objective evidence of record.
>
> 4. The limitations, resulting from the effects of the claimant's impairment, do not meet, medically equal, or functionally equal the criteria of any of the listed impairments in Appendix 1, Subpart P, Regulations No.4. The claimant has a less than marked limitation in the functional domain of acquiring and using information, and no restrictions in the remaining categories of attending to and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and physical health/well-being.

(Tr. at 16)(citations omitted). Plaintiff sought review before the Appeals Council and on February 21, 2004 the council determined that there were no grounds for review (Tr. at 4-6). Plaintiff now files this action, seeking review of the Appeals Council's determinations.

II. DISCUSSION

   A. STANDARD OF REVIEW

This court has jurisdiction to review the factual findings of the Commissioner under Secretary's decision under 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence shall be conclusive." This court is thus, limited in

its ability to deviate from the factual findings of the Commissioner.  <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999)("we will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently").

According to the United States Supreme Court, substantial evidence means "more than a mere scintila . . . [and] such relevant evidence as a reasonable mind might accept as adequate." <u>Richardson</u>, 402 U.S. 389, 401 (1971)(quoting <u>Consolidated Edison Co. v. N.L.R.B.</u>, 305 U.S. 197, 229 (1938)).

To determine whether a child is disabled for the purpose of determining eligibility for disability benefits, the Secretary follows a four-step inquiry.  20 C.F.R. § 416.924.  First, the Secretary must determine whether the claimant is engaged in any substantial gainful activity.  20 C.F.R. § 416.924(b).  Second, the Secretary must determine whether the child has a medically severe impairment or combination of impairments.  20 C.F.R. § 416.924(c).  Third, the Secretary must determine whether the child's impairment meets, medically equals or functionally equals the criteria of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).  20 C.F.R. § 416.924(d).  And finally, the impairment must meet the duration requirement.  20 C.F.R. § 416.924(d)(1).

The ALJ's formal findings indicate that plaintiff was able to satisfy the first two steps of the inquiry, but failed to

satisfy the third step, that claimant's impairment meets or equals the criteria of any of the listed impairments (Tr. at 16). "If your impairment(s)... does not meet, medically equal, or functionally equals the listings, we will not find that you are disabled."  20 C.F.R. § 416.924(d)(2).  Specifically, the ALJ determined that claimant suffered from a severe learning disorder, but that her obsessive compulsive disorder was not severe, which meant that claimant's impairment did not meet or equal any listed impairment.  This court is left to evaluate whether the record contains substantial evidence to support the factual findings as per this issue alone.

    B.    THE ALJ'S FINDING THAT CLAIMANT'S IMPAIRMENT DID NOT MEET OR EQUALED THE REQUIREMENTS FOR ANY LISTED IMPAIRMENT WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.

Plaintiff alleges that claimant meets the requirements of medical listing 112.05D and is thus entitled to SSI disability. Pl.'s Br. at 8.  This listing provides that "A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function" meet the level of severity necessary to meet the requirements of mental retardation, a listed impairment. 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 112.05D.  Claimant scored a Verbal IQ of 64, a Performance IQ of 72 and a Full Scale IQ of 65 placing two of her scores within the requisite levels (Tr. at 85).  However, the ALJ felt that there was some question as to the accuracy of these tests (Tr. at 153).  Dr. Fernandez, PhD,

who conducted the test, noted that social and cultural factors may have contributed to the low test scores and that the non verbal IQ scores would provide a better indicator of claimant's true abilities (Tr. at 85).  Additionally, the reports from claimant's teachers showed little evidence to support the test results (Tr. at 97-108).  Dr. Fernandez's notation and the teacher evaluations provide substantial evidence that a finder of fact could base his decision upon.  How much weight to give this evidence is a matter left exclusively in discretion of the fact finder and as this Court's review of the ALJ's decision is limited under <u>Hartranft</u>, the ALJ's decision cannot be overturned merely because another judge would have weighed the evidence differently.  181 F.3d at 360.  The district court has "no fact-finding role in Social Security cases." <u>Grant v. Shalala</u>, 989 F.2d 1332, 1338 (3d Cir. 1993)(quoting <u>Hummel v. Heckler</u>, 736 F.2d 91, 93 (3d Cir. 1984)).

Plaintiff's claim also fails because, she was unable to demonstrate that claimant suffered from an addition "physical or other mental impairment imposing an additional and significant limitation of function."  20 C.F.R. Pt. 404, Subpt. P., App. 1 § 112.05D.  Plaintiff argued that claimant's obsessive compulsive disorder qualified as the additional impairment, but the ALJ determined that claimant's disorder was not a severe or significant limitation (Tr. at 16).  The ALJ noted that claimant did have difficulty as a student, but that she was in her age-

appropriate grade and that claimant's teachers' evaluations provided little indication that claimant was severely limited in her abilities to function at school (Tr. at 15-16). In spite of plaintiff's generalized claims to the contrary, this evidence provided support for the ALJ's ultimate determination, even if the ALJ chose not provide greater weight to other evidence within the record. Pl.'s Br. at 5-8. For example, claimant's teacher, John T. Matranga, provided in his report that he was unable to notice any problems with claimant's social interaction, speech, self-care and behavior (Tr. at 107). Whether or not Mr. Matranga is sufficiently qualified to make these determinations is unclear from the record, therefore this Court is in no position to overturn the ALJ's decision based on the mere possibility that such a report is inaccurate. Dr. Victor Hernandez, another physician that examined claimant, provided a positive prognosis reporting specifically that claimant was fully alert, had fair concentration and was developmentally appropriate in her ability to reason, use judgement and make adjustments (Tr. 92-95).

Unfortunately, based on the record, plaintiff's case seems to fall close to the borderline range. Claimant's scores fell within the deficient range, even though Dr. Fernandez had expressed some reluctance to rely exclusively on the scores. Claimant's teachers have provided evaluations recognizing certain problems with claimant's performance, but no problems with claimant's overall ability to function. The ALJ merely chose to

place claimant's conditions at a point on the range disagreeable to plaintiff.  Whether or not, this Court agrees, the ALJ was provided sufficient evidence to determine the matter either way and thus, the ALJ's findings of fact are conclusive.  42 U.S.C. § 405(g).  As this review is not *de novo* the ALJ's factual determinations must stand.

IV.  CONCLUSION

For the reasons stated above, this Court **affirms** the Commissioner's decision to deny Claimant Social Security benefits.  An appropriate Order follows.


s/ WILLIAM G. BASSLER
William G. Bassler,
U.S.S.D.J.

Dated: May 17, 2005